Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the
District of Arizona

_____ Division

FILED ✓   LODGED \_\_\_
RECEIVED   COPY \_\_\_
MAR 1 6 2022
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

| | |
|---|---|
| Dustin Matthews<br><br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br>-v-<br>The City of Tempe, Ms. Adrianne Ward, Ms. Alexis Allen, Ms. Jennifer Curtiss, Mr. Marcos Romero<br><br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Case No. CV-22-407-PHX-MTM<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)* ✓ Yes ☐ No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

**A.** The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Dustin Matthews |
| Street Address | 1500 E. Broadway Rd. apt 1116 |
| City and County | Tempe, Maricopa |
| State and Zip Code | Arizona, 85282 |
| Telephone Number | 312-593-1399 |
| E-mail Address | dusty12@me.com |

**B.** The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 6

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1
  Name: The City of Tempe
  Job or Title *(if known)*:
  Street Address: 31 E 5th Street
  City and County: Tempe, Maricopa
  State and Zip Code: Arizona 85281
  Telephone Number: 480-350-4311
  E-mail Address *(if known)*: clerk@tempe.gov

Defendant No. 2
  Name: Ms. Adrianne Ward
  Job or Title *(if known)*: Senior Human Resources Analyst
  Street Address: 20 E. Sixth St.
  City and County: Tempe, Maricopa
  State and Zip Code: Arizona, 85282
  Telephone Number: 480-858-2157
  E-mail Address *(if known)*: adrianne_ward@tempe.gov

Defendant No. 3
  Name: Alexis Allen
  Job or Title *(if known)*: Court Administrator
  Street Address: 140 E. 5th Street 2nd Floor
  City and County: Tempe, Maricopa
  State and Zip Code: Arizona, 85281
  Telephone Number: 480-350-8252
  E-mail Address *(if known)*: alexis_allen@tempe.gov

Defendant No. 4
  Name: Jennifer Curtiss
  Job or Title *(if known)*: Deputy Court Administrator
  Street Address: 140 E. 5th Street 1st Floor
  City and County: Tempe, Maricopa
  State and Zip Code: Arizona, 85281
  Telephone Number: 480-350-8055
  E-mail Address *(if known)*: jennifer_curtiss@tempe.gov

| | | |
|---|---|---|
| Defendant No. 5 | | |
| | Name | Marcos Romero |
| | Job or Title (*if known*) | Court Services Supervisor |
| | Street Address | 140 E. 5th Street |
| | City and County | Tempe, Maricopa |
| | State and Zip Code | Arizona, 85281 |
| | Telephone Number | 480-350-8552 |
| | E-mail Address | marcos_romero@tempe.gov |

pg. 2A

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C.  Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | City of Tempe Court |
| Street Address | 140 E. 5th Street |
| City and County | Tempe, Maricopa |
| State and Zip Code | Arizona, 85282 |
| Telephone Number | 480-350-8271 |

## II.  Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Other federal law *(specify the federal law)*:
42 U.S. Code 1981 Equal rights under the law

☑ Relevant state law *(specify, if known)*:
A.R.S. 41-1463, Arizona Constitution Art. II 36,

☑ Relevant city or county law *(specify, if known)*:
Tempe City Code, Chapter 2, Article VIII Discrimination

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

III. Statement of Claim   Attached 4a-4c

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes (check all that apply):

- [ ] Failure to hire me.
- [ ] Termination of my employment.
- [ ] Failure to promote me.
- [ ] Failure to accommodate my disability.
- [x] Unequal terms and conditions of my employment.
- [x] Retaliation.
- [x] Other acts (specify): failure to reasonable investigate claims of retaliatio

(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
12/14/2020, 2/18/21, 3/18/21, 11/5/2021, and has been ongoing

C. I believe that defendant(s) (check one):
- [x] is/are still committing these acts against me.
- [ ] is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my (check all that apply and explain):
- [ ] race
- [ ] color
- [x] gender/sex,   mother's given extra benefits
- [ ] religion
- [ ] national origin
- [ ] age (year of birth) _____ (only when asserting a claim of age discrimination.)
- [ ] disability or perceived disability (specify disability)

E. The facts of my case are as follows. Attach additional pages if needed.

attached 4d-4G

Page 4 of 6

III. **Statement of Claim**

1. On January 7, 2021 I filed a gender discrimination complaint with the City of Tempe's Human Resources Department.

2. The gender discrimination complaint was eventually assigned to Adrianne Ward. Ms. Ward was negligent and failed to thoroughly investigate plaintiff's complaint of gender discrimination. The results of Ms. Ward's investigation failed to explain why female employees were given additional benefits allowing them to work from home, outside of the court's rotation policy, while I was told I would not be allowed to work from home outside of the rotation schedule and would be required to be at onsite for work when scheduled.

3. The Tempe Court implemented a telecommuting schedule on or about April/May of 2020. During this time, when I worked from home I was required to work 40 hours per week while other full-time employees were only required to work 36 hours per week and they were compensated as if they performed 40 hours of work.

4. On February 22, 2021 I filed a retaliation complaint with the City of Tempe's Human Resources Department. The City of Tempe and HR representative Adrianne Ward **never** bothered to acknowledge the complaint or investigate the claims. The City continued to allow the management staff to retaliate against me and disregard retaliation policy and laws.

5. The retaliation complaint filed on 2/22/21 pertained to my supervisor Marcos Romero scheduling me to work from home the week of 2/15/21 through 2/19/21, however Mr. Romero was aware prior to the schedule coming out on 2/12/21 that he was going to require me to work on site and not from home this week. Mr. Romero waited until 2/16/21 to call me at home informing me I needed to work onsite and that I would be required to work on site the remainder of the week. Mr. Romero knew I had my son at home because of the school closures and that this would create a hardship by requiring me to make childcare arrangements last minute. This last minute change by Mr. Romero violated the City's Memorandum of Understanding agreement with the employees Union.

6. I called out of work on 2/16/21 due to my inability to make childcare arrangements last minute and subsequently on March 18, 2021 I received a formal written reprimand to my file from Court Administrator Alexis Allen for failing to report to work. This written reprimand violated city policy and failed to adhere to court policy and City Rules. Other employees had not been disciplined when they called out, I was singled out.

7. On March 24, 2021 I filed a complaint of employment discrimination with the Arizona Attorneys General Office. I amended that complaint on July 7, 2021 as the previous complaint did not include the retaliation allegations.

8. On March 3, 2021 in accordance with City Rules, I filed a Formal Grievance with the City of Tempe and Amended that Grievance on March 7, 2021.

9. Adrianne Ward, Alexis Allen, Jennifer Curtiss and Marcos Romero colluded and

49

conspired with each other to get revenge because I filed a formal complaint of employment discrimination and retaliation. They worked together to disregard City Rules and Policies and knowingly provided false and misleading information to the Arizona Attorneys General Office, Civil Rights Division and EEOC during its investigation into my claims.

10. The court management staff created a hostile working environment by engaging in a series of retaliatory acts against me including but not limited to unilaterally altering my time sheets, ignoring City Rules and Court Policies, recruiting other employees to watch me and report back to them, subjecting me to erroneous disciplinary actions, sustaining the false allegations, and denying me the right to used accrued paid time off and sick time.

11. The court management staff as well as Adrianne Ward failed to adhere to City Policy as it pertained to Covid-19 and how the City was handling the situation and intentionally mislead me into believing the City had changed its policy.

12. It is my position that all claims mentioned herein, that each defendant was acting as an agent of all others, and all acts alleged herein to have been committed by one was committed on behalf and with the approval of all others.

13. The City of Tempe failed to reasonably protect me from retaliatory acts after I filed a complaint of discrimination, as well as enforce rules and procedures once a discrimination complaint was filed.

14. The City of Tempe failed to reasonably enforce anti-discrimination policies/ laws as well as investigate claims of discrimination, retaliation, and the grievance filed.

15. Adrianne Ward, Alexis Allen, and Jennifer Curtiss intentionally failed to inform subordinates of State and Federal laws as well as City rules and court policies as it pertained to retaliation against employees for engaging in protected activities, such as filing a complaint of discrimination, which I did.

16. The conduct of Adrianne Ward, Alexis Allen, Jennifer Curtiss and Marcos Romero was unreasonable; it was punitive and meant to cause me harm. Their behavior was malicious, they were incompetent in performing their duties, and each of them disregarded the safe guards in place protecting employees from engaging in protected activities.

17. Due to the City's failure to enforce its anti discrimination policy I lost benefits (paid time off and vacation time opportunity for overtime) as well as loss of enjoyment of life, emotional distress, actual damages, nominal damages, anxiety, and depression.

18. Due to the conduct of Adrianne Ward, Alexis Allen, Jennifer Curtiss, and Marcos Romero I suffered intentional infliction of emotional distress, severe anxiety, loss of enjoyment of life, a hostile work environment and was subjected to being watched more closely than other employees.

19. I was subjected to unwarranted disciplinary actions which I disputed. I was not

allowed the additional benefit of working from home outside of the rotation schedule due to Covid 19, even though female employee were given an additional weeks to work from home.

20. Due to the Defendant(s) conduct I developed anxiety and depression. I was unable to sleep through the night. I was unable to sleep through the night. My life turned into constant moments of worry, afraid to conduct my life in the same manner, prior to the discrimination and retaliatory acts. I was uncomfortable at work, unable to concentrate subjected to stares and negative comments from management staff.

**E. Facts of my case are as follows:**

1. Plaintiff is in a federally protected class established by the Civil Rights Acts of 1964 that forbids discrimination and retaliation when it comes to any aspect of employment, including hiring, firing, pay, job assignments, fringe benefits, and any other term or condition of employment.

2. Court employees are held to a higher standard compared to other city employees and The Arizona Code of Judicial Administration governs court employees.

3. Court and City Policy as well as State and Federal Law prohibit retaliation against an employee for engaging in a protected activity.

4. On January 7, 2021 I filed a gender discrimination complaint with the Human Resources Department with the City of Tempe.

5. On February 1, 2021 I was initially denied my unpaid leave request for January 27-29, 2021 for a Covid-19 related issue. Later, that day I was told my unpaid leave request was being approved.

6. From August 31, 2020 through January 26, 2021 I was denied unpaid leave for Covid related matters that should have been approved. I was forced to exhaust accrued time that I would have not otherwise used.

7. Section 503: Unpaid leave (City of Tempe Rules) allows regular employees to take general leave for other reasons approved by the Internal Services Director and the City Manager.

8. On February 12, 2021, Supervisor Marcos Romero, sent out the work schedule for the week of 2/15/21 thru 2/19/21. The Schedule listed me as teleworking but also "on call."

9. On February 16, 2021 Marcos Romero sent out an email stating Jamie Hedlund was going to be out for the week of 2/16/21 thru 2/19/21. As a result of Ms. Hedlund calling out, Marcos Romero called me at home informing me I would need to be onsite within 90 minutes and a revised scheduled was sent out requiring me to work onsite the 18 and 19 of February as well. I informed Marcos I had my son; his school is closed and I'm not able to come in.

10. On February 16, 2021, Marcos Romero sent out an email stating another employee Sharon Griebe would be filling in for Jamie Hedlund's absence. Additionally, another email was sent stating I would be out for the day of February 16, 2021.

Pg- 4d

11. Sharon Griebe, who was already working onsite, was able to cover for Ms. Hedlund's absence, there was nothing preventing me from telecommuting and working from home as scheduled and no need for me to be called in to work "on site."

12. Between the end of December through 2/22/21 Veronica Reyes and Jamie Hedlund were both not available to work "on-site." Ms. Reyes and Ms. Hedlund's inability to work onsite had no bearing on other employee's ability to work from home the previous 10 weeks, but somehow required me to work onsite during my scheduled time to telework.

13. It was only after I filed my complaint on January 7, 2021 and notice of claim on February 9, 2021 that Ms. Hedlund's absence would now adversely affect the teleworking schedule and require me to be called in.

14. On February 18, 2021 I informed my Supervisor Marco Romero, I was experiencing Covid-19 relate symptoms and left work around 3pm.

15. On February 18, 2021 I filled out a Covid-19 questionnaire documenting my symptoms.

16. On February 18, 2021 my supervisor Marcos Romero sent out a court wide email informing court staff, I would be out the remainder of the week; however he never provided the information to HR in accordance with City Policy.

17. On February 18, 2021 my supervisor Marcos Romero sent out the schedule for the week Of February 22, 2021 thru February 26, 2021, and I was not scheduled to work this week.

18. On February 19, 2021 I received an email from Jennifer Curtiss, Deputy Court Administrator, and Jennifer Curtis asking if I was going to get a Covid test, and I replied yes. Covid testing is not required.

19. On February 21, 2021 I received an email from my Supervisor Marcos Romero, advising me of the guidelines of when I'm able to return to work.

20. On February 25, 2021 my supervisor Marcos Romero sent out an email asking everyone to submit a timesheet no later than 2/26/21 at 8am, which I did.

21. On February 26, 2021 I received an email from Jennifer Curtiss stating that I would need to provide medical documentation to have vacation accruals for the week of 2/24 of 2/24 2/26. I provided proof of my Covid 19-test to Ms. Curtiss.

5

22. On February 26, 2021, I received a follow up email from Jennifer Curtis regarding me taking a Covid test, asking when I received my test results which I replied results were received on February 24, 2021 and symptoms **had not** improved after getting the results.

23. Prior to the inquiries from Ms. Curtis I filed a <u>Retaliation Complaint</u>, with the City of Tempe's Human Resources Department on February 22, 2021 and a <u>Supplemental Notice of Claim</u>, with the City Clerk on February 23, 2021.

24. On March 1, 2021 I received a phone call from my supervisor Marcos Romero, informing me that Court Administrator Alexis Allen wanted to speak with me and to go to her office. Ms. Allen informed me that my request for vacation during the week of February 22, 2021 was being denied and that it was going to be coded as unauthorized leave and that if I had questions, I could contact Human Resources as they were the ones that set the policy regarding coded leave. I informed Ms. Allen that I would provide a written response and would send that response to Jennifer Curtis.

25. On March 3, 2021 I emailed my response to Ms. Curtiss and did not receive a reply.

26. On March 3, 20201 I filed a formal grievance with the Internal Service Director.

27. On March 8, 2021 I filed an amended grievance with the Internal Services Director.

28. On March 8, 2021 Alexis Allen sent out a court wide email for review. The email was a draft of revised policies that would allow supervisor's to unilaterally alter time sheets without explanation or reason and require documentation when or if an employee calls out.

29. On March 9, 2021 in addition to the amended grievance I also filed a Notice of Constructive Discharge and 2nd Supplemental notice of claim.

30. On March 9, 2021 after filing the above-mentioned documents I received a response to my email to Ms. Curtiss that was sent on March 3, 2021.

31. Ms. Curtiss' response to my March 3, 2021 email failed to address the policy that allowed them to unilaterally alter my time sheet, and provided a response

6

Pg. 4f

that had nothing to do with the concerns in my email, and attempted to justify their right to alter my time sheet.

32. On March 11, 2021 I received and email from Alexis Allen scheduling a meeting with me advising me that I could have a Union Representative present and Jennifer Curtis was copied on the email.

33. On March 12, 2021 I received a follow up email from Ms. Allen stating that this was going to be a Disciplinary One private meeting.

34. On April 22, 2021 I received the results of the Disciplinary Action, sustaining numerous erroneous allegations that led to a non appealable memo to my file.

35. The actions taken by the Defendant(s) violate every ethical standard set by the City and the Court. The decisions they have chosen to make are not supported by policy, rule or evidence. The actions that have been taken against me are punitive, meant to harm me and send a message to other employees to make them think twice about filing complaints against the City.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

see attached (E).

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

IV. **Exhaustion of Federal Administrative Remedies**

   A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
   March 24, 2021

   B. The Equal Employment Opportunity Commission *(check one)*:

   ☐ has not issued a Notice of Right to Sue letter.

   ☑ issued a Notice of Right to Sue letter, which I received on *(date)*  2/16/21 .

   *(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

   C. Only litigants alleging age discrimination must answer this question.

   Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

   ☐ 60 days or more have elapsed.
   ☐ less than 60 days have elapsed.

V. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.  attached 5a

**V. Relief**

1. The Plaintiff, Dustin Matthews, demands from the Defendant(s): _$_____ total amount TBD.

   a. General damages in the amount of $2,900 dollars for loss of benefits.

   b. Compensatory damages in the amount of $275,000.00 for emotional harm, mental anguish, inconvenience, the Defendant(s) wanton and willful disregard for proper procedure and policy, violation of the anti-discrimination and retaliatory policies/laws and loss of enjoyment of life.

   c. Punitive damages in an amount to be determined against Adriane Ward, Alexis Allen, Jennifer Curtiss, and Marcos Romero for failure to reasonably perform job duties, grossly negligent in performing their job duties, malicious and reckless conduct for colluding intentional acts of discrimination and retaliation, as well as knowingly providing false or misleading information to the Arizona Attorney General's Office, Civil Rights Division and EEOC as it pertained to the Plaintiff's complaint of discrimination and retaliation.

   d. Nominal damages in an amount to be determined necessary.

   e. Court Cost and attorney fees to be determined (if applicable).

   f. The April 22, 2021 Part III Disciplinary Action removed from my file.

   g. Jury Trial is demanded on all triable issues.

   h. any other relief this court deem equitable and just.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

see attached V. Relief

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 3/16/22

Signature of Plaintiff _[signature]_
Printed Name of Plaintiff Justin Matthews

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Street Address _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____

# ATTACHED



## OFFICE OF THE ARIZONA ATTORNEY GENERAL

CIVIL LITIGATION DIVISION
DIVISION OF CIVIL RIGHTS SECTION

**NOTICE OF RIGHT TO SUE**

**MARK BRNOVICH**
**ATTORNEY GENERAL**

**REBEKAH BROWDER**
**CHIEF COUNSEL**

Dustin Matthews
1500 E. Broadway Rd. Apt 1116B
Tempe, AZ 85282

*Dustin Matthews*  v.  *Tempe Municipal Court*

CRD No.:   CRD-2021-0300           EEOC No.:   35A-2021-00262

On 03/24/2021, you filed a charge with the Division of Civil Rights Section alleging employment discrimination. Arizona law provides that you may bring a civil action in Superior Court of the county where the alleged discriminatory action took place. Should you decide to file a civil action, you must do so **within 90 days** of the date you receive this Notice or **within one year** of the date you filed the charge, **whichever comes first**. A.R.S. 41-1481(D.)

This Notice of Right to Sue letter is being issued because:

    this office has made a final determination or has otherwise completed its processing of your charge and will be taking no further action.

If you have any questions concerning this notice, please contact us at 602-542-5263 or toll free at 1-877-491-5742. If you need legal assistance, you should seek the advice of an attorney.

BY:

_____
Stephen Scott, Compliance Manager

Sent by regular mail this 16th day of February 2021

2005 NORTH CENTRAL AVENUE, PHOENIX, AZ 85004 • 602.542.5263
400 WEST CONGRESS, SOUTH BUILDING, SUITE S-315, TUCSON, AZ 85701 • 520.628.6500
WWW.AZAG.GOV