**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dustin Matthews, ) | No.  CV-22-00407-PHX-SPL |
| ) | |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| City of Tempe, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Plaintiff Dustin Matthews' ("Plaintiff") Motion for Leave (Doc. 24) in which Plaintiff requests leave to file the proposed Second Amended Complaint that is attached to the Motion.[1] Plaintiff's Motion has been fully briefed and is ready for review. (Docs. 24, 34 & 36). Plaintiff seeks to amend his complaint so that he may add "additional basis for jurisdiction." (Doc. 24 at 2). Specifically, he seeks to add federal claims under 42 U.S.C. §§ 1983 and 12203 as well as state claims under A.R.S. §§ 23-1501 and 41-1464. (*Id.*). Additionally, Plaintiff seeks to add claims under the Arizona Civil Rights Act and the Arizona Employment Protections Act. (*Id.*). Finally, Plaintiff supplements his complaint by adding additional facts. (*Id.*).

Defendants City of Tempe, Adrianne Ward, Alexis Allen, Jennifer Curtiss, and Marcos Romero (collectively, "Defendants") argue that Plaintiff's Motion should be

---

[1] As Defendants point out, Plaintiff's proposed Second Amended Complaint would actually be his *First* Amended Complaint, given that Plaintiff withdrew his previous Motion for Leave. (*See* Docs. 21, 23 & 29).

1    denied "to the extent it alleges claims under 2 U.S.C. § 1311, A.R.S. § 12-541, and for

2    intentional or negligent infliction of emotional distress." (Doc. 34 at 3). For the following

3    reasons, the Court will grant in part and deny in part Plaintiff's Motion for Leave.

4        Under Rule 15(a), where untimely amendment is sought, a party may amend its

5    pleadings "with the court's leave . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). In

6    making this determination, courts consider the following relevant factors: undue delay, bad

7    faith or dilatory motives, futility of amendment, and undue prejudice to the opposing party.

8    *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774

9    (9th Cir. 2015). The Ninth Circuit has recognized that "there exists a *presumption* under

10   Rule 15(a) in favor of granting leave to amend." *C.F. v. Capistrano Unified Sch. Dist.*, 654

11   F.3d 975, 985 (9th Cir. 2011) (citations omitted) (emphasis in original). It follows that

12   courts are generally quite liberal when permitting leave to amend. *See id.* (noting that

13   policy should be applied with "'extreme liberality'").

14       Here, Defendants argue that some of the amendments Plaintiff proposes are futile,

15   but make no arguments as to any of the other factors. Specifically, Defendants assert that

16   Plaintiff's attempt to assert a claim under A.R.S. § 12-541, (*see* Doc. 24-1 at 5 (adding

17   claim under A.R.S. [§] 12-541)), is futile because that statutory provision does not provide

18   a cause of action. (Doc. 34 at 2). The Court agrees. Section 12-541 states that certain

19   actions—including claims for malicious prosecution, breach of certain employment

20   contracts, and damages for wrongful termination—are subject to a one-year statute of

21   limitations. *See* A.R.S. § 12-541. However, § 12-541 does not itself provide for a cause of

22   action and it cannot be the basis of a claim. Thus, the Court denies Plaintiff's Motion to

23   the extent that he seeks to add a claim under § 12-541 because such an amendment would

24   add nothing to Plaintiff's complaint and would be futile.

25       Defendants also argue that Plaintiff's Motion should be denied to the extent he seeks

26   to add claims for intentional or negligent infliction of emotional distress because the statute

27   of limitations on such state law claims had already ran at the time Plaintiff's Complaint

28   was filed on March 16, 2022. (Doc. 34 at 2–3). It is true that the statute of limitations for

1   state law claims "against any public entity or public employee" is one year after the cause
2   of action accrues. *See* A.R.S. § 12-821 ("All actions against any public entity or public
3   employee shall be brought within one year after the cause of action accrues and not
4   afterward."). Here, Defendants argue that Plaintiff was aware of the claims for intentional
5   and negligent infliction of emotional distress "at least as early as March 9, 2021." In
6   support, Defendants point to Plaintiff's reference to emotional distress in his 2nd
7   Supplemental Notice of Claim and Notice of Intent to File Lawsuit, which was received by
8   the City of Tempe on March 9, 2021. (Doc. 34 at 2). Thus, according to Defendants,
9   Plaintiff had until no later than March 9, 2022 to file state law actions for intentional and
10  negligent inflictions of emotional distress. (*Id.*). In this case, Plaintiff filed the Complaint
11  on March 16, 2022 and thus exceeded the one-year statute of limitations. (*Id.*). In the Reply,
12  Plaintiff cites to *Wallace v. Kato*, 549 U.S. 384, 388 (2007), for the proposition that a claim
13  accrues "when the plaintiff has a complete and present cause of action." (Doc. 36 at 2).
14  Here, Plaintiff argues that he did not have a complete or present cause of action on March
15  9, 2021—the date upon which Defendants assert Plaintiff's claim accrued. (*Id.*). Instead,
16  Plaintiff argues that Defendants' "outrageous conduct and retaliatory acts *continued* after
17  March 9, 2021 and a separate notice of claim[] was filed on March 30, 2021." (*Id.*
18  (emphasis added)). In other words, Plaintiff argues that—on March 9, 2021—his claims
19  for intentional and negligent inflictions of emotional distress "were not yet ripe" and "had
20  not begun to accrue." (*Id.*).
21       Arizona courts have held that "a cause of action accrues when the damaged party
22  *realizes* he or she has been damaged and *knows or reasonably should know* the cause of
23  the damage." *Viniegra v. Town of Parker Mun. Prop. Corp.*, 241 Ariz. 22, 27 (Ct. App.
24  2016) (citations and internal quotations omitted) (emphasis in original). "A plaintiff need
25  not know *all* the facts underlying a cause of action to trigger accrual. But the plaintiff must
26  at least possess a minimum requisite of knowledge sufficient to identify a wrong occurred
27  and caused injury." *Id.* (citations and internal quotations omitted) (emphasis in original).
28  At this stage in the case and without more facts—and given the parties' dispute on this

3

issue—the Court will not determine whether Plaintiff's now-asserted claims for intentional or negligent inflictions of emotional distress accrued on March 9, 2021 or on some other date on or after March 16, 2021. The Court will permit the addition of such claims at this time—that is, to the extent that Plaintiff is even intending to add such claims.[2]

Finally, Defendants argue that Plaintiff's Motion should also be denied to the extent it alleges claims under 2 U.S.C. § 1311. The Court is unsure what Defendants are referencing with this, as that statutory provision is not mentioned anywhere in Plaintiff's proposed Amended Complaint. (*See generally* Doc. 24-1). Moreover, Defendants do not elaborate on this part of their Response argument, and instead mention 2 U.S.C. § 1311 only in the final "Conclusion" paragraph of the brief. The Court rejects Defendants' argument to the extent it relates to 2 U.S.C. § 1311.

In sum, the Court will exercise its discretion to freely grant Plaintiff leave to amend his Complaint. That said, Plaintiff may not add claims for any violation of A.R.S. § 12-541 because that statutory provision does not provide for a cause of action.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 24) is **granted in part** to the extent Plaintiff seeks leave to file the amended complaint. However, Plaintiff's Motion (Doc. 24) is **denied** to the extent Plaintiff seeks to add claims for a violation of A.R.S. § 12-541.

**IT IS FURTHER ORDERED** that Plaintiff is directed to file a clean copy of the First Amended Complaint (presently attached to Motion at Doc. 24-1) with the Clerk of Court no later than **July 15, 2022**. The new copy of the First Amended Complaint shall

---

[2] Plaintiff notes that his reference to intentional and negligent inflictions of emotional distress is *not* intended as an assertion of additional, standalone claims, but rather states that the claims that are "parasitic" to Plaintiff's retaliation claims because they "arise[] out of or flow[] from the Plaintiff's termination or retaliatory discharge." (Doc. 36 at 2). Indeed, Plaintiff did not include the intentional and negligent inflictions of emotional distress in the "Basis for Jurisdiction" or "Statement of Claims" sections of his amended complaint. Instead, he only mentions the emotional distress claims in the "Relief" section at the very end of his amended complaint. (Doc. 24-1 at 16).

1   omit any reference to a claim under A.R.S. § 12-541.

2        **IT IS FURTHER ORDERED** that, as provided by Rule 15(a)(3) of the Federal

3   Rules of Civil Procedure, Defendants shall have **fourteen (14) days** from the date of

4   service of the First Amended Complaint to file an answer or otherwise respond in

5   accordance with Rule 12 of the Federal Rules of Civil Procedure.

6        Dated this 13th day of July, 2022.

7

8                               Honorable Steven P. Logan

9                               United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28